UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM McKENNA,

v.                                   Case No. 8:91-cr-220-T-17MAP
                                              8:91-cr-293-T-17MAP
                                              8:09-cv-953-T-17MAP
UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct

an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 **AND** Defendant's motion for

appointment of counsel.  (Doc. cv-1, cv-3).

Background

On January 17, 1992, this Court adjudicated McKenna guilty after he entered a guilty

plea to various armed bank robberies and firearms offenses in connection to offenses he

committed while robbing banks in the Middle District of Florida. This Court imposed

concurrent sentences in the above-cited case numbers. (Doc. cr-40).

In February 2005, McKenna was sentenced to state custody of twenty years'

imprisonment and two additional terms of fifteen years' imprisonment in connection to

armed robberies committed in Hernando County, Florida in Case No. 04- 00036.[1]

In May 2007, McKenna was sentenced to state custody of ten years' imprisonment

in connection with an armed robbery committed in Pasco County, Florida in Case No. 04-

00064.  Based on the state offenses leading to these new convictions, the United States

Probation Office prepared a petition requesting a warrant and asked that McKenna's term

_____

[1] See Doc. cr-113 in criminal case 8:91-cr-220-T-17MAP.

of supervision be revoked. (Docs. cr-113, cr-114).

McKenna filed a petition for final disposition of probation violation. (Doc. cr-118). The government filed its response to McKenna's petition recognizing the fact that because McKenna was not in federal custody at the time he filed his motion based on this supervised release violation there is no constitutional right to a hearing until the completion of his state sentence when the detainer brings him back into federal custody. *United States v. Cunningham*, No. 04-15782, 150 Fed. App'x 994 at *2 (11th Cir. 2005) (citing *Moody v. Daggett*, 429 U.S. 78, 89 (1976).[2] *See also, United States v. Chaklader*, 987 F.2d 75, 77 (1st Cir. 1993) ("[I]t is within the district court's power to order that a federal sentence not begin until the completion of the state sentence."). McKenna is not entitled to a supervised release violation hearing until he completes his state sentence. *See Cunningham*, 150 Fed. App'x 994 at *2. (Doc. cr-118).

On October 11, 2007, this Court incorporated the government's response and denied the McKenna's petition. (Doc. cr-124). On May 22, 2009, McKenna filed his initial section 2255 motion raising claims pertaining to this Court's order of October 11, 2007. (Doc. cv-1). At the same time, McKenna filed a motion to appoint counsel. (Doc. cv-3).

The Present Motion To Vacate Is Untimely

McKenna's section 2255 motion is barred as untimely by section 105 of the Anti-Terrorism and Death Penalty Act of 1996 (AEDPA). Section 105 of the AEDPA proscribes the filing of any section 2255 motion more than one year after final judgment or one year

---

[2] The revocation of supervised release is comparable to the revocation of parole or probation rather than initial criminal sentencing. *See Johnson v. United States*, 529 U.S. 694, 710-11 (2000) (noting the "similarity" between supervised release and parole).

after April 24, 1996. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title I, § 105 (Apr. 24, 1996); see also *United States v. Rienzi*, 1996 WL 605130, at *1 (E.D. Pa. Oct. 21, 1996) (AEDPA imposes one year non-retroactive statute of limitations on section 2255 motions).

Section 105 of the AEDPA applies to all section 2255 motions filed after April 24, 1996, irrespective of the date of the petitioner's final judgment. *United States v. Plumes*, 1996 WL 453045 (D. Or. Aug. 8, 1996). The one-year statute of limitations for a cause of action for collateral relief under 28 U.S.C. § 2255 begins to run from either: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title I, § 105 (Apr. 24, 1996).

With respect to final judgments, the date the statute of limitations begins to run is determined by the date the district court's judgment becomes final. For final judgments entered prior to April 24, 1996, as in McKenna's case, the effective date of the AEDPA,[3] the one year statute of limitations begins to run on April 24, 1996. Therefore, McKenna had until April 24, 1997, to file his section 2255 motion.

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, the statute of limitations begins to run on the date the district court's judgment becomes

---

[3] Since the one year statute of limitations has no effective date provision, it went into effect on the date the AEDPA was signed by the President. *See Gozlon-Peretz v. United States*, 498 U.S. 395, 404 (1991).

final.

In this case, McKenna filed his section 2255 motion on May 22, 2009, more than twelve years out of time. (Doc. cv-1). Even if this Court were to consider, as McKenna asserts, that his grounds for relief did not effectively occur until this Court's order of October 11, 2007, his motion would still be over a year late. *See, e.g., Close v. United States*, 336 F.3d 1283, 1284-86 (11th Cir. 2003).

Appointment of Counsel

McKenna has filed a motion for appointment of counsel in the matter of his section 2255 motion. (Doc. cv-3). In light of the government's argument that his section 2255 motion should be dismissed as untimely, this motion should be denied as moot. Furthermore, there is no constitutional right to counsel in § 2255 proceedings. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted). There are certain situations in the course of section 2255 proceedings, in which the Court is required to appoint counsel. See, e.g., Rules Governing Section 2255 Proceedings 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); *id.* at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery"). None of those are implicated here. The interests of justice do not require the appointment of counsel.

Accordingly, the Court orders:

1. That McKenna's motion for appointment of counsel (Doc. cv-3; cr-30) is denied.

2. That McKenna's motion to vacate (Doc. cv-1; cr-127; cr-31) is denied.  The Clerk is directed to enter judgment against McKenna in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 6, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: JAY G. TREZEVANT
William McKenna